## Kentucky Institution for the Education of the Blind v. Murray, et al.

### (Decided November 7, 1913).

## Appeal from Jefferson Circuit Court
## (Chancery Branch, Second Division).

1. Appropriations—Application.—Money appropriated by the Legislature for a specific purpose may not be used for any other purpose; and where an appropriation to improve a school is anticipated by the school authorities, the warrant when received, must be used to repay the bank which advanced the money under an arrangement with the school authorities to this effect.

2. Appropriations—Advancement by Bank to School Authorities—Repayment Out of Warrant.—An appropriation for the upkeep of an institution being payable quarterly at the end of each quarter, the money advanced by a bank to the school authorities to pay cash for its supplies under an arrangement that the money would be repaid out of the warrant when received at the end of the quarter, must be paid out of the warrant when received.

3. Corporations—Change in Board—Rights of Parties.—A change in the board does not affect the liability of the corporation. The rights of the parties should be settled as though there had been no change in the Board.

SAMUEL G. TATE for appellant.

BURNETT, BATSON & CARY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

The Kentucky Institution for the Education of the Blind is a corporation created under section 299, Kentucky Statutes, with power to sue and be sued, and to take and hold property for the use of the institution. By section 300, the institution is under the control of a board of visitors to be nominated by the Governor and approved by the Senate. The Board of Visitors under section 301 are given power to have possession and control of the buildings and grounds and the direction, control and management of all special and general matters, concerns and interests of the institution; and also to pass such rules and orders as they shall deem fit and proper to carry into effect the powers granted. The board elects a treasurer; who executes bond to be approved by the Governor, and it is the duty of the superintendent to report to the board annually a detailed

statement of the condition of the institution. Section 303, Kentucky Statutes, provides:

"That the treasurer of said institution shall only pay the debts, claims and charges against said institution, on a warrant of the president, after they have been examined, audited and approved by said board of visitors, at a meeting of a majority of the members thereof, which examination and approval shall be certified by the president of said board and countersigned by the secretary; and each claim shall be noted or named on the journal of the proceedings of said board, giving the date, amount, and name of the person to whom allowed."

By the act approved March 25, 1910, (See Acts 1910, page 275) $17,000 was appropriated out of the Treasury for the benefit of the institution. The act making the appropriation contains this provision:

"Said sum to be expended by the Board of Visitors of said institution in the following manner, viz.: For money advanced by American National Bank to meet insurance and other extraordinary expenses, four thousand dollars; for improving and extending teaching facilities, five thousand dollars; for repairs and fencing, five thousand dollars; for installing electricity, three thousand dollars; * * * And the Auditor is hereby authorized and directed, on application of the President of said Board of Visitors, to issue his warrants on the the Treasury for the same, in favor of the Treasurer of the Board of Visitors of said Institution for the Blind, one-fourth payable in six months, one-fourth in twelve months, one-fourth in eighteen months, one-fourth in twenty-four months, on and after the date of this act becoming a law."

The act took effect ninety days after the adjournment of the General Assembly in 1910. The Board, in view of the fact that the improving and extending of the teaching facilities, the repairs and fencing and the installing of electricity were immediately needed by the institution, made an arrangement with the American National Bank to furnish the money to pay for the improvements, agreeing with the bank that when the warrants were issued in six, twelve and eighteen and twenty-four months, they would be turned over to the bank, the purpose of the arrangement being to give the school the advantage of the improvements and not cripple its usefulness during the time that would elapse before the warrants would be payable. The improvements were

made and paid for. Three of the warrants came to the hands of the board, and were turned over to the American National Bank pursuant to the agreement. But in March, 1912, the Governor appointed a new board of managers, and this board elected a new treasurer. The fourth and last warrant was issued after the new board came in and after the new treasurer had been elected; but it was sent to Logan C. Murray, who was the treasurer under the old board, the new treasurer not having executed bond approved by the Governor and delivered to the Auditor for safe keeping as provided by Section 301 Ky. Stats. Logan C. Murray retained the warrant and refused to deliver it to the authorities of the institution upon the ground that they, if they received the warrant, would cash it and leave the debt due the American National Bank unpaid. This suit was brought by the institution against Logan C. Murray and the American National Bank to compel them to turn over the warrant to the institution. The circuit court required the present treasurer whose bond had been approved after the warrant was issued, to assign the warrant to the American National Bank, and from this judgment, the institution appeals.

The money having been appropriated by the Legislature for certain named purposes, cannot be diverted by the authorities of the institution from these purposes. The interests of the school required that the improvements provided for by the act should be made at once, and these improvements having been made under an arrangement between the Board of Visitors and the bank to the effect that the bank would furnish the money to pay for the improvements as they were made, and that the warrants as they came to the board should be turned over to the bank, the mere fact that there was a change in the membership of the board in no manner affected the validity of the arrangement. The corporation remained the same; and the corporation having received the benefit of the money must account to the bank for it. The rights of the parties are precisely the same as they would be if the old board had remained in office and were prosecuting this suit. But Logan C. Murray as former treasurer was without authority to collect or to hold the warrant. The warrant should have gone to the present treasurer of the board, that the books of the corporation may be properly kept; and he should be directed by the Board of Visitors now in office to turn

it over to the bank, the proceeds to be credited on the account of the bank for the advances referred to.

On the cross appeal this question arises: The Legislature makes an appropriation payable quarterly; the school has to be carried on during the quarter before the warrant issued at the end of the quarter, is sent to the treasurer. For a number of years instead of buying provisions and the like on credit to be paid for at the end of the quarter, the board has made an arrangement with some bank to furnish the cash, and to pay the bank out of the warrant issued at the end of the quarter. This was done not only by the last board, but by the board before it, and seems to have been an established custom. Following this custom the board in office in January, 1912, had the American National Bank to advance the money necessary for the up-keep of the institution, on the agreement that it was to be paid out of the warrant to be issued on March 31. Before the warrant was issued on March 31, the old board went out and the new board came in. The new board received the warrant but declined to pay the bank the amount of its advances for the month of January. The bills for February and March had not been paid by the bank, and these were paid by the new board. The bank by its answer asked judgment against the institution for the amount of its advances for January, $3,780. The circuit court declined to give the bank judgment for this money, and of this it complains on the cross appeal.

The warrant issued on March 31 was for the maintenance of the institution for the quarter ending on that day. The new board was under the same obligation to pay the bank for the maintenance of the institution in January out of that warrant as it was to pay the outstanding bills for February and March. The debt was the debt of the institution, and the warrant was money appropriated to pay for the maintenance of the institution during this period. We, therefore, conclude that judgment should have been entered in favor of the bank for this amount with interest, and if the present board has no funds on hand out of which it may be paid, it should be paid out of the next warrant issued to it by the Auditor. Each party will pay his own cost in this court and in the circuit court and after judgment is entered in the circuit court as above indicated, the circuit court will retain control of the case for such further orders

as may be necessary for the enforcement of the judgment.

The court will enter a judgment directing the appellees immediately to turn over the warrant in controversy to the appellant and directing the appellant immediately on receiving the warrant, to assign and deliver it to the American National Bank. While it is true that under section 303 Ky. Stats., the treasurer may only pay debts and charges on the warrant of the president after they have been examined, audited and approved by the board, the claim of the bank is for money paid on claims so audited and approved and paid by the treasurer; and the board having declined to pay the bank the amount thus overdrawn, it may be recovered by action as any other claim against a corporation.

Judgment reversed on the original and on the cross appeal, and cause remanded for a judgment as above indicated.